## SUPREME COURT.

THE PEOPLE, respondents, agt. JULIA COFFEE, appellant.

*Criminal law — Confinement of disorderly persons and vagrants in Albany county penitentiary proper and lawful — Code of Criminal Procedure, sections 892–903 — Chapter 183, Laws of 1847, not repealed.*

The confinement of disorderly persons and vagrants in the Albany county penitentiary is proper and lawful, notwithstanding the provisions of sections 892 and 903 of the Code of Criminal Procedure.

Chapter 183 of the Laws of 1847 is not repealed by the provisions of these sections, but remain in full force and validity (*See Matter of Wacher*, *ante*, 352).

*Third Department, General Term, November,* 1881.

ON the 10th day of September, 1881, the above named defendant, Julia Coffee, was duly apprehended and brought before William K. Clute, esq., a police justice of the city of Albany, charged as a vagrant within the meaning of section 887 of the Code of Criminal Procedure. The defendant pleaded guilty to the charge, on the same being stated to her, and was duly convicted thereof and sentenced to imprison-

ment in the Albany county penitentiary for the term of thirty days at hard labor. Wherefore the said justice duly made up and signed a certificate of conviction in due form of law, and immediately caused the same to be filed in the Albany county clerk's office.

The said justice then made up and signed a warrant committing the said defendant to the Albary penitentiary for the said term of thirty days at hard labor, under which she was imprisoned. That thereafter, and on the 10th day of September, 1881, the defendant sued out a writ of *habeas corpus*, returnable before Hon. ANTHONY GOULD, recorder of Albany, claiming that said imprisonment was illegal, on the ground that under the new Code, section 892, the imprisonment should have been in the Albany county jail, instead of in the Albany county penitentiary, which was the only question raised by the defendant.

The recorder denied the motion to discharge the defendant, and remanded her to the penitentiary and rendered the following decision :

*Galen R. Hitt*, for relator.

*D. Cady Herrick*, district-attorney, for people.

GOULD, *Recorder.*— Julia Coffee was, on the 10th day of September, 1881, tried and convicted before William K. Clute, esq., police justice of the city of Albany, of being a vagrant, and was thereupon sentenced to be confined in the Albany county penitentiary for the term of thirty days at hard labor. Upon the same day she sued out this writ before me through her counsel, who upon the return thereto claimed her detention to be illegal and void, since section 892 of the Code of Criminal Procedure specifically provides that vagrants, if notorious, and so this petitioner had been shown to be, should, except in the city of New York, be committed to the jail of the county in which the conviction had occurred. Reference

was also made by him to section 903 of the same Code, which similarly provides regarding disorderly persons, and thus by analogy seems to indicate more clearly the intention of the legislature.

Chapter 152 of the Laws of 1844, authorized and directed the erection of a penitentiary in the county of Albany for the confinement of certain criminals. Chapter 183 of the Laws of 1847, contained the following provisions :

"§ 2. It shall be lawful for any justice of the peace in the county of Albany to commit any person, who shall be convicted before such justice as a disorderly person, to the penitentiary instead of the jail of the county of Albany."

And "§ 3. It shall be lawful for any justice of the peace or other magistrate having jurisdiction thereof in the city or county of Albany, in all cases of complaints for vagrancy, to commit any person convicted upon such complaint before said justice or magistrate, to the said penitentiary for a term not exceeding six months."

The conviction herein of Julia Coffee was under and pursuant to the third section, above quoted, of this law.

The question, therefore, the determination of which this writ demands, is as follows : Does the Code of Criminal Procedure repeal these sections, and must vagrants and disorderly persons be committed hereafter to the county jail ?

In construing statutes, regard must be had for the intention of the legislature. Successive statutes upon the same subject must be considered together, and where they appear to contradict each other, they must, if possible, be so construed that each will stand. The legislature from time to time has passed statutes regarding the Albany county penitentiary. It has, by separate acts, authorized prisoners from certain other counties in the state to be there confined, and has designated it as a proper place for the detention of young criminals. Prior to 1844, persons convicted of minor offenses in this county were committed to the county jail. What intention was evinced by the legislature in passing these successive acts

authorizing the erection of the penitentiary and directing that persons thereafter so convicted should be there confined? It recognized, I think, that there was a need for this institution. It indicated that for the purpose of imprisonment it was to be considered a jail and the place best suited for the detention of those convicted of minor offenses. It showed that "county jail" and "Albany county penitentiary" are not inconsistent terms, but that the latter includes the former, and is an improvement upon it. Did the legislature, then, in passing this Code, intend to undo its former work and retrograde forty years? When statutes seem inconsistent and doubtful, and the question of appeal is to be determined, recourse must be had to a consideration of the old law, the mischief and the remedy, and where no mischief exists, there no remedy need be applied. This seems to be the present case. The legislature has clearly indicated that the penitentiary is an improved jail or place of imprisonment for minor offenses, and I do not think that by these sections of the Code now in question it intended to destroy its own creation.

Furthermore, these acts relating to the penitentiary are all special and local, while the Code is a general statute. A special statute should be expressly repealed. It is passed to serve some certain purpose, and is an exception to any general law which, at the time of its passage, may exist. It is definite in its design, and its intention is clearly manifest to the enacting legislature. Future legislatures can repeal it, but its abrogation should be beyond all doubt. Courts have, at all times, frowned upon its repeal by implication. In 50 *New York*, 493, it is held that "a special and local statute, providing for a particular case or class of cases, is not repealed or amended, as to some of its provisions, by a statute general in its terms, provisions and application, unless the intent to repeal or alter is manifest, although the terms of the general act would, but for the special law, include the cases provided for by the latter."

In 59 *New York*, 38, judge ALLEN says: "Laws special

and local in their application, are not deemed repealed by general legislation, except upon the clearest manifestations of an intent by the legislature to effect such repeal, and ordinarily, an express repeal by some intelligible reference to the special act is necessary to accomplish that end." And 69 *New York*, 209, a case in which the opinion is delivered by the same judge, further strengthens and enforces these views.

And the legislature has had regard for the censure and advice of the courts. When the present Code of Civil Procedure was passed, the former acts thereby intended to be repealed were expressly mentioned. It is a fair inference that in a similar case, such as the passage of this Criminal Code, the same care would be taken in regard to the repeal of special statutes. But this was not done. The Code prescribes the procedure in all criminal cases, it uses the word " jail " in those sections above mentioned, but it clearly and only refers to the place of confinement provided by a county for detention of prisoners convicted of certain offenses. For section 962, the next to the last in the Code, expressly provides " that if in any local statute, confined by its terms to a town or village, or to a county or city other than the city and county of New York, any proceeding is prescribed in addition to those prescribed by this Code and not inconsistent with it, the same shall remain unaffected by it."

This, as being the latest expression of the will of the legislature in the passage of this act must prevail, and I think that under it and upon a careful construction of the successive statutes, the confinement of disorderly persons and vagrants in the Albany county penitentiary is proper and lawful, and that chapter 183 of the Laws of 1847 is not repealed, but remains in full force and validity.

I therefore deny the motion herein and remand the prisoner.

NOTE.— On appeal the judgment was affirmed by the general term upon the same grounds set forth in the foregoing opinion, and in the opinion of judge WESTBROOK, in *The Matter of Wacher* (ante, 352), no opinion was written.—[ED.